Day, Chief Judge.
The answer filed to the original1 petition is susceptible of the construction that it was filed by the two defendants who were served, and that their partner, Evans, did not join therein. If that be so, the-issues joined by the pleadings were between Marsh and the two defendants, Jones; and the verdict has the same limit, for that is expressly found “upon the issues joined between the parties.” Then the district court did not err in reversing the judgment against the three defendants, and in proceeding, under the statute, to render judgment, on the-verdict against the two who did answer, as the common pleas should have done. The ruling of the district court seems to have been based on this construction of the answer and record. But a judgment ought not to be reversed upon a question depending upon the construction to be given to the record, when the court below were reasonably warranted in the construction given; for it can not, then,, be affirmed that the record discloses manifest error.
If, however, the answer be regarded as the appearance- and joint answer of all three of the partners, then the-court had jurisdiction of them all, and the district court should have affirmed the judgment of the common pleas.. Then upon the reversal of the judgment of the district court, it would be the right of Marsh, on error in the supreme court, to have the judgment of the common pleas-against all three of the defendants. affirmed. But, as the case stands before us, this can not be done, for Evans is not a party now before the court. Again, if the district court were right in reversing the judgment of the common pleas,, and erred in not remanding the case to that court for a new trial, as claimed by plaintiffs in error here ; then, upon the-reversal of the judgment of the district court, Marsh would be entitled to have the case remanded for a new trial against all three, for Evans had submitted himself to the jurisdiction of the court by making himself a party to the case. *23 through his petition in error in the district court; but he is not a party here, and the case can not be remanded as to him.
There is, then, in any view of the case, which entitles the present plaintiffs in error to relief from the judgment of the district court, a want of all the necessary parties for the full and final adjudication of the rights of the plaintiffs in error themselves, and those of Marsh against all three of the partners who were, when omitted in the present petition in error by the plaintiffs therein, parties to the record,, without whom complete justice can not be done.
There was the same necessity for making all the defendants to the original joint judgment parties here, that existed for their being made parties to the original proceedings in error in the district court, for the petition in error here brings the whole case in review, including the judgment of the common pleas as well as that of the district court.
But Evans, one of the parties against whom the original judgment was rendered, and the party who procured its reversal in the district court, was not made a party to the petition in error now before us. More than three years have elapsed since the rendition of the judgments in the courts below; it is therefore now too late to require him to be made a party. The statutory bar intervenes.
In Smetters v. Rainey, 14 Ohio St. 287, it was held, that “ All the defendants to a joint judgment are necessary parties to a petition in error, filed by one of their number to reverse it, and may be made so, as plaintiffs or defendants,” in conformity with the provisions of the code; and that “ If all such defendants are not made parties to the petition within three years from the rendition of judgment, the revising court has no such jurisdiction over the subject-matter as will authorize them to reverse or modify any part of it.” Upon the authority of this case, founded upon reasons and principles equally applicable to the case we have in hand, we are constrained to hold that, for the want of proper and necessary parties, we *24 have not such jurisdiction of the case as will authorize ns to disturb the judgment of the district court. The petition in error must therefore be dismissed.
It may be proper to add, that this result is the less to be regretted, for if we had the proper parties before us, we should not, probably, see our way clear to a reversal of both judgments of the courts below.